

**U.S. Department of Justice**

Civil Rights Division

*Appellate Section*
*Ben Franklin Station*
*P.O. Box 14403*
*Washington, D.C.  20044-4403*

November 27, 2024

<u>VIA CM/ECF</u>

Lyle W. Cayce
United States Court of Appeals
 Fifth Circuit
Office of the Clerk
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

    Re:  *LULAC v. Abbott*, Nos. 24-50128, 24-50449 (5th Cir.)

Dear Mr. Cayce,

    The United States writes to inform the Court that the United States does not intend to file a brief in this appeal.

    This appeal arises from two discovery orders issued by a three-judge district court in the Western District of Texas that is presiding over a consolidated case challenging Texas's 2020 redistricting plan.  Those orders held that the state legislative privilege largely barred the production or unsealing of documents and testimony that the United States and private plaintiffs sought to compel.  ROA.24-50449.23583-23942, 24249-24278.  Private plaintiffs appealed both orders.  ROA.24-50449.23962-23963, 24293-24294.  This Court granted the private plaintiffs' motion to consolidate the two appeals.  Order of June 6, 2024.

    Although the United States firmly maintains its position below that legislative privilege does not bar discovery of the materials it seeks (*see, e.g.*, Doc. 706 (under seal); ROA.24-50128.23192-23204), the United States did not appeal the orders denying this discovery.  That is because this Court lacks jurisdiction to hear such an appeal.  These discovery orders are not "final decisions" that may be appealed immediately pursuant to 28 U.S.C. 1291.  Nor does the collateral-order doctrine render them immediately appealable.  *See A-Mark Auction Galleries, Inc. v. American Numismatic Ass'n*, 233 F.3d 895, 897-899 (5th Cir. 2000); *cf. La Union Del Pueblo Entero v. Abbott*, 68 F.4th 228, 232-235 (5th Cir. 2023) (holding that the doctrine applies to orders that, unlike the ones here, *deny* non-party state legislators' assertions of legislative privilege).  Rather, review is available after final judgment, assuming the discovery denials affect the outcome of the case.

      Accordingly, the United States refrains from filing a brief in this appeal, while preserving for an appropriate occasion its position that the district court erred in denying the requested discovery based on legislative privilege.

                                      Sincerely,

                              Bonnie I. Robin-Vergeer
                                      Chief

                            <u>s/ Katherine E. Lamm</u>
                            Katherine E. Lamm
                                   Attorney
                              Appellate Section
                            Civil Rights Division
                      Katherine.Lamm@usdoj.gov
                                (202) 616-2810

cc:  Counsel of Record (via CM/ECF)